In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00016-CR

                                                ______________________________

 

 

                                     THE STATE OF
TEXAS, Appellant

 

                                                                V.

 

                                    JOHN HARDY TAYLOR, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23054

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            In its
indictment, the State alleged that, on or about August 13, 2008, John Hardy
Taylor was the owner of a dog he knew to be dangerous.  It is further alleged that, on the date in
question, Taylor’s dangerous dog, while not restrained in a secure enclosure, made
an unprovoked attack on Haiden Lynn McCurry, causing serious bodily injury—a
violation of Section 822.005(a)(2) of the Texas Health and Safety Code.[1]  The trial court dismissed the indictment
against Taylor with prejudice on the grounds that Section 822.005(a)(2) of the
Texas Health and Safety Code is an unconstitutionally vague, strict-liability
statute.  Tex. Health & Safety Code Ann. § 822.005(a)(2)
(Vernon 2010).  The State appeals from
the order quashing the indictment in trial court cause number 23054.  

            The State
also appeals from the order quashing the indictment in trial court cause number
23053, and has filed a single brief, in which the State raises issues common to
both appeals.  The State contends the
statute in question is not an unconstitutionally vague, strict-liability statute,
and the order quashing the indictment should therefore be reversed.  We addressed these issues in detail in our
opinion of this date in cause number 06-10-00015-CR.  For the reasons stated therein, we likewise
conclude that the statute is constitutional, but nevertheless affirm and modify
the order[2]
quashing the indictment because it fails to allege a culpable mental state.

            

 

            As
modified, the order of the trial court is affirmed.

 

                                                                                    

            

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
23, 2010

 

Do Not Publish

 

 











[1]Because
this is an appeal of a pretrial order, no testimony or evidence appears in the
record.

 





[2]As
explained in our opinion of this date in cause number 06-10-00015-CR, the trial
court dismissed the indictment with prejudice. 
Because the statute is not unconstitutional, the indictment should have
been dismissed without prejudice.